Ballstaedt Law Firm, LLC dba Fair Fee Legal Services
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #220
Las Vegas, NV 89117
(702) 715-0000
help@bkvegas.com

e-filed 7/18/2022

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.22-11539-mkn |
| | Trustee: SHAPIRO |
| BBC GROUP CA, LLC | Chapter: 11 |
| Debtor(s) | Hearing Date: 08/24/2022 |
| | Hearing Time: 9:30am |

### MOTION FOR ORDER AUTHORIZING DEBOR'S REJECTION OF CERTAIN UNEXPIRED LEASES

BBC GROUP CA, LLC, debtor and debtor-in-possession in the above captioned case hereby move the Court for the entry of an order authorizing the Debtor to reject certain unexpired leases and executory contracts set forth herein. In support of this Motion, the Debtor respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is section 365 of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

1. Debtor commenced this case on 04/29/2022 by filing their voluntary petition for relief under Subchapter V of the Chapter 11 Bankruptcy Code. (ECF #1)

2. On 05/03/2022 Brian Shaprio was appointed as Trustee of this Subchapter V case. (ECF #7)

3. Debtor continues to manage and operate their business as debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

4. The lease agreements referenced in this motion relate to restaurant locations where Debtor does not intend to continue operation of its business.

5. Debtor intends to reject certain lease agreements and executory contracts including those listed herein (collectively, all agreements rejected, the "Rejected Leases")

## RELIEF REQUESTED

6. By this Motion, Debtor seeks authority to reject all rights and obligations under the Rejected Leases as of the Petition Date.

## BASIS FOR RELIEF

7. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. " 11 U.S.C. § 365(a). It is well established that a debtor's decision to assume or reject an executory contract or unexpired lease under section 365(a) of the Bankruptcy Code is a matter within a debtor's "business judgment." *Orion Pictures Corp v. Showtime Networks, Inc.* (*In Re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993), *cert. Dismissed,* 511 U.S. 1026 (1994);

*Control Data Corp v. zelman* (*In Re Minges*), 602 F. 2d 38 (2d Cir. 1979); *In re Stable Mews Assocs., Inc.*, 41 B.R. 594 (Bankr. S.D.N.Y. 1984); *see In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del 2006)("Under section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured unders section 365(b)(1) of the Bankruptcy Code, and (ii) the debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications.").

8. The "business judgment" test is not an unduly strict standard; it merely requires knowing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See, e.g., Westbury Real Estate Ventures v. Bradlees Inc.,* (*in Re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997)("IN reviewing a debtor's decision to assume or reject an executory contract the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

9. When applying the "business judgment" rule, courts show a debtor's decision-making significant deference. *In re Riodizio, Inc.,* 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997)("[A] court will ordinarily defer to the business judgment of the debtor's management"); *see Crystalin, L.L.C. v. Selma Props., Inc.* (*In Re Crystalin, L.L.C.*), 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003)(finding that the court need not "place itself in the position of the trustee or the debtor in possession")(internal citations omitted); *Summit Land Co. v. Allen* (*In re Summit Land Co*), 13 B.R. 310, 315 (Bankr. D. Utah 1981)("[C]ourt approval under section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

10. Here, the leases and executory contracts the Debtors intend to reject are those that are not profitable locations. Additionally, the Debtors have already vacated these premises and have turned these premises over to the respective landlords– or are currently

negotiating a turnover to those landlords. The Debtor has determined that the Rejected Lease provides no value to the Debtor's estate. Thus, the Debtor believes in their business judgment that rejecting the Rejected Leases at this early juncture in the case will benefit all creditors by allowing the Debtor to avoid the administrative costs associated with those leases, thereby preserving valuable cash assets for the benefit of the Debtor's estate. Accordingly, the Debtor believes that rejection of the Rejected Leases is a sound exercise of their business judgment and is in the best interests of the Debtor, their estate and creditors.

11. Debtor requests that the Rejected Leases be deemed rejected as of the Petition Date.

12. The Rejected Leases Include:

| Lessor | Location |
| --- | --- |
| KAREN HATFIELD<br>143 South La Brea<br>Los Angeles, CA 90036 | 108 W 2nd St<br>Unit #105<br>Los Angeles, CA 90012 |

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto: (i) authorizing the Debtor to reject the Rejected Leases; and (ii) granting such other relief as may be appropriate.

Dated 7/18/2022

/s/ Seth D Ballstaedt, Esq.
Seth D Ballstaedt, Esq.
*Attorney for Debtor(s)*